**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3598-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRYAN MEGO,
a/k/a BRYAN MEJO,

     Defendant-Appellant.

_____

Submitted March 31, 2025 – Decided April 9, 2025

Before Judges Sabatino and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-06-0496.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Melissa A. Spagnoli, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bryan Mego appeals the trial court's May 16, 2023 order denying his petition for postconviction relief ("PCR") following an evidentiary hearing. We affirm, substantially for the sound reasons set forth in the trial court's thirteen-page written decision.

Briefly stated, defendant pled guilty to an amended charge of first-degree aggravated manslaughter in December 2015. Consistent with the terms of the plea agreement, he was sentenced in September 2017 to a twenty-two-year prison term, subject to the parole ineligibility period mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant did not appeal his conviction nor his sentence.

In November 2021, defendant filed a PCR petition, alleging his trial attorney had been ineffective in several respects. The only one of those arguments that is raised on the present appeal is defendant's claim that the attorney did not file a direct appeal from the conviction. Defendant contends that he had requested his attorney to do so. Conversely, the attorney contends that defendant never made such a request.

The PCR petition was referred to the same judge who had presided over defendant's sentencing. The judge conducted an evidentiary hearing, at which both defendant and his former attorney each testified. During his testimony, the

attorney explained the procedures that he would customarily follow when a client asked him to file an appeal and attested that he would have followed those procedures had defendant asked him to do so. The attorney noted that defendant's mother had contacted him after defendant's sentencing to review some of the discovery because she was concerned defendant had received a lengthier sentence than others who had taken part in the homicide. According to the attorney, he explained to her that those codefendants had received shorter sentences because, unlike defendant, they had cooperated with law enforcement and testified for the government in a federal trial. The attorney further testified that defendant's mother did not request him to file an appeal on her son's behalf.

Defendant testified that he had orally asked his attorney to file an appeal, both before and after his sentencing. He presented no correspondence nor other documentation of such a request. He claimed he did not realize that an appeal had not been filed on his behalf until some unspecified time in either 2021 or 2022.

In his initial oral ruling and in a subsequent detailed written opinion, the PCR judge expressly found that the attorney was credible, and defendant was incredible. The judge specifically noted that the attorney was "candid," had a "good" recollection of the events, and did not appear to testify with "any intent

to deceive, mislead or otherwise obfuscate the process." By comparison, the judge found defendant's narrative was "hard to believe" and was dubious of defendant's lack of any attempt to ascertain the status of any appeal for over three years.

The judge further noted that any claim on appeal of disparate sentencing would not have been successful, given the cooperation and the letters of mitigation provided as to the codefendants.

On appeal, defendant argues in his brief as follows:

> POINT I
>
> THE DEFENDANT ESTABLISHED THAT HE EXPRESSLY REQUESTED COUNSEL TO FILE A DIRECT APPEAL, AND THERE WAS LITTLE TO NO EVIDENCE TO CONTRADICT THAT ASSERTION, ENTITLING THE DEFENDANT TO POST-CONVICTION RELIEF.

Having considered defendant's argument in light of the applicable law, we affirm, adopting the cogent reasons expressed by Judge John M. Deitch in his written decision. We recognize a criminal defense attorney's general professional obligation to file an appeal when a defendant requests the attorney to do so. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). However, as the judge determined after the evidentiary hearing, defendant's claim that he made such a request was incredible. We must defer to the judge's credibility findings.

4

State v. Robertson, 228 N.J. 138, 147-48 (2017).  Defendant has not met his burden of proving his former counsel's deficient performance, nor a reasonable probability that had an appeal been filed, it would have been successful. Strickland v. Washington, 466 U.S. 668, 687 (1984) (prescribing under the Sixth Amendment a defendant's burden to prove both counsel's deficient performance and actual prejudice flowing from that deficiency).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3598-22